# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DUANE JAMES BARNES,
    Appellant,

DOCKET NUMBER
AT-1221-16-0204-W-1

v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DATE: September 2, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Duane James Barnes, Pensacola, Florida, pro se.

Alyssa W. Silberman, Esquire, Jackson, Mississippi, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a social worker employed as a Case Manager with the agency's Gulf Coast Veterans Health Care System (GCVHCS) in Pensacola, Florida. Initial Appeal File (IAF), Tab 1 at 1, Tab 2 at 5‑7, 15. The following facts are undisputed. On or about August 13, 2015, the appellant was sitting in a waiting area with a veteran who was waiting to be seen by other agency employees when the appellant's supervisor, E.W., approached the appellant and directed him to attend a weekly staff meeting.[2] IAF, Tab 2 at 6‑7, 10, 15. The appellant refused, asserting that he had to stay with the veteran because he believed that she was suicidal. *Id*. at 6‑7, 10, 15. E.W. reiterated the direction to attend the weekly staff meeting, and the appellant again refused, calling E.W. a "fool." *Id*. at 6‑8, 10, 15.

[2] The appellant alleged that the events at issue occurred on August 13, 2015. IAF, Tab 2 at 1, 3, 6. However, other evidence in the record indicates that the events occurred on August 12, 2015. *Id*. at 7‑8, 10. We need not resolve the precise date that the events occurred, because it is not material to the issue of the Board's jurisdiction over the appeal.

¶3    On December 11, 2015, the appellant filed an IRA appeal, alleging that, in retaliation for his refusal to obey E.W.'s order to leave the veteran and attend the staff meeting, GCVHCS officials issued him a verbal warning (reduced to a written memorandum) and a separate performance counseling memorandum. IAF, Tab 1 at 3.  The appellant further alleged that E.W.'s order would have required him to violate:  (1) 38 C.F.R. § 17.38, which defines the hospital, outpatient, and extended care services that constitute a "medical benefits package"; and (2) 38 C.F.R. § 17.49, which establishes priorities for scheduling appointments for outpatient medical services and inpatient hospital care.  IAF, Tab 1 at 3; *see* 38 C.F.R. §§ 17.38, 17.49.  The appellant did not request a hearing.  IAF, Tab 1 at 2.

¶4    In support of his appeal, the appellant submitted documentation, including correspondence from the Office of Special Counsel (OSC), which indicated that he had filed a complaint with OSC alleging that E.W.'s order would require him to violate two GCVHCS memoranda, in addition to the regulations cited in his Board appeal, and that OSC had terminated its investigation into the complaint. IAF, Tab 2 at 15‑19.

¶5    The administrative judge issued a jurisdictional order setting forth the burden and elements of proof for establishing Board jurisdiction over an IRA appeal, and ordered the appellant to submit evidence and argument regarding the Board's jurisdiction over his appeal.  IAF, Tab 4.  The appellant's sole response was a pleading certifying that he had served the documentation that he provided to the Board on the agency.  IAF, Tab 5 at 3.  The agency moved to dismiss the appeal for lack of jurisdiction, arguing, among other things, that the appellant failed to raise a nonfrivolous allegation that he engaged in protected activity. IAF, Tab 7 at 3.

¶6    Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 8, Initial Decision (ID) at 1, 5‑6.  She

found that the appellant failed to raise a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D).[3]  ID at 5‑6.

¶7    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    To establish the Board's jurisdiction over an IRA appeal, the appellant must demonstrate that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).

¶9    Here, the administrative judge found, and we agree, that the appellant's allegations should be construed as a claim that the agency violated 5 U.S.C. § 2302(b)(9)(D), which prohibits an agency from taking or failing to take a personnel action based on an employee's refusal "to obey an order that would require the individual to violate a law."  5 U.S.C. § 2302(b)(9)(D); ID at 5.  We further agree with the administrative judge that the appellant demonstrated that he exhausted his administrative remedies before OSC regarding this claim, ID at 4−5; IAF, Tab 2 at 15‑19, and that a dispositive jurisdictional issue is

---

[3]  Having dismissed the appeal for lack of jurisdiction on other grounds, the administrative judge did not make any findings regarding whether the verbal warning memorandum and the performance counseling memorandum constituted "personnel actions" under 5 U.S.C. § 2302(a)(2)(A).  *See* ID.

whether the appellant raised a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D), ID at 5‑6.

¶10     On review, the appellant reiterates his arguments that E.W.'s order would have required him to violate 38 C.F.R. §§ 17.38 and 17.49.[4] PFR File, Tab 1 at 2. However, relying on the Board's decision in *Rainey v. Department of State*, 122 M.S.P.R. 592, (2015), *aff'd sub nom. Rainey v. Merit Systems Protection Board*, 824 F.3d 1359 (Fed. Cir. 2016), the administrative judge correctly found that 5 U.S.C. § 2302(b)(9)(D) extends only to orders that would require an individual to violate a statute, and not to orders that would require an individual to violate regulations or agency memoranda.[5] ID at 5‑6; *Rainey*, 122 M.S.P.R. 592, ¶ 11. Furthermore, after the initial decision in the present appeal was issued, the U.S. Court of Appeals for the Federal Circuit issued a precedential opinion affirming the Board's decision in *Rainey*. *Rainey*, 824 F.3d 1359. The Federal Circuit found that "the protection granted by section 2302(b)(9)(D) is limited to orders that are contrary to a statute, and does not encompass orders that are contrary to a regulation." *Id*. at 1364. Thus, in the instant appeal, because the appellant did not allege that E.W.'s order would

[4] Although the appellant incorrectly characterizes these regulations as part of the "U.S. Code," PFR File, Tab 1 at 2, they are instead regulations published in title 38 of the Code of Federal Regulations. *See* 38 C.F.R. §§ 17.38, 17.49.

[5] Prior to issuing the initial decision, the administrative judge did not notify the appellant of the jurisdictional requirement that the order at issue compel an individual to take an action barred by statute. IAF, Tab 4; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643‑44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). The agency's pleading below alluded to this requirement, but did not provide clear or explicit notice. IAF, Tab 7 at 3. However, the administrative judge's oversight was cured by the initial decision, which set forth the jurisdictional requirement, affording the appellant the opportunity to meet his jurisdictional burden in his petition for review. ID at 5‑6; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden in the petition for review).

require him to violate a statute, the administrative judge properly dismissed the appeal for lack of jurisdiction.[6] ID at 5‑6; *see Rainey*, 824 F.3d at 1364-65.

¶11      On review, the appellant contends that, in enacting the Whistleblower Protection Act (WPA), Congress intended for the right‑to‑disobey provision at section 2302(b)(9)(D) to extend to orders that would require an individual to violate a regulation.[7]  PFR File, Tab 1 at 2.  However, in *Rainey*, the Federal Circuit held that the restrictive language chosen by Congress in section 2302(b)(9)(D), the legislative history of section 2302(b)(9)(D), and the U.S. Supreme Court's decision in *Department of Homeland Security v. MacLean*, 135 S. Ct. 913, 919‑21 (2015), constrained the court to find that the protection granted by section 2302(b)(9)(D) does not extend to orders that are contrary to a regulation.  *Rainey*, 824 F.3d at 1360-65.  Precedential decisions of the Federal Circuit, such as *Rainey*, are controlling authority for the Board, which we are bound to follow unless modified by our reviewing court.  *See Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014) (finding that

_____

[6] After finding that the Board lacked jurisdiction over the appeal because the appellant failed to allege that E.W.'s order would have required him to violate a statute, in a footnote in the initial decision, the administrative judge also stated that it did not appear that E.W.'s order would have required the appellant to violate 38 C.F.R. §§ 17.38 and 17.49.  ID at 6 n.3.  It was unnecessary for the administrative judge to make any findings regarding whether E.W.'s order would require the appellant to violate a regulation to dismiss the appeal for lack of jurisdiction.  ID at 6.  Therefore, the administrative judge's statement that it did not appear that E.W.'s order would have required the appellant to violate 5 C.F.R. §§ 17.38 and 17.49 is *obiter dicta*, and we need not address it further.  *See Co–Steel Raritan, Inc. v. International Trade Commission*, 357 F.3d 1294, 1307 (Fed. Cir. 2004) (stating that dicta are statements made by a court that are "unnecessary to the decision in the case, and therefore not precedential . . . .") (quoting *Black's Law Dictionary* 1100 (7th ed. 1999)).

[7] Although the appellant refers to the WPA in his petition for review, the instant appeal arises under the WPA as amended by the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465.  PFR File, Tab 1 at 2; WPEA § 202 (providing the effective date of the WPEA).  Prior to the enactment of the WPEA, the Board lacked jurisdiction over IRA appeals alleging reprisal for the protected activity described in section 2302(b)(9)(D).  *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 7 (2015).

precedential decisions of the Federal Circuit are controlling authority for the Board, which the Board is bound to follow unless otherwise overruled by the court sitting en banc), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015).

¶12    In sum, for the reasons discussed above, we conclude that the administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D), and dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.