## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SILVANO ALFONS WUESCHNER,<br>Appellant, | DOCKET NUMBER<br>AT-3330-16-0438-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>Agency. | DATE: January 6, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Silvano Alfons Wueschner</u>, APO, AE, pro se.

<u>Bryan Adams</u>, Maxwell Air Force Base, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to deny the appellant's request for corrective action because, consistent with the decision of the U.S. Court of Appeals for the Federal Circuit in *Kerner v. Department of the Interior*, 778 F.3d 1336, 1338-39 (Fed. Cir. 2015), the provisions of VEOA at issue do not apply to a current Federal employee, such as the appellant, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant is a veteran who applied for a Foreign Affairs Specialist position with the agency.  Initial Appeal File (IAF), Tab 1 at 1, 6, Tab 5 at 34-37, 48-53.  The announcement indicated that the position was open to current agency employees and that it closed on November 6, 2014.  IAF, Tab 5 at 48. The appellant was not referred on the agency's first certificate for the position, but after he inquired as to why he was not initially considered qualified, the agency found that he was qualified and issued a second certificate with his name on it.  IAF, Tab 1 at 6, Tab 5 at 12-13, 15, 19-22.  The selecting official selected another candidate from the second certificate who, like the appellant, was a 10-point preference eligible.  IAF, Tab 5 at 12-13.  In February 2016,

the appellant filed a complaint with the Department of Labor (DOL) challenging his nonselection.  IAF, Tab 1 at 4.

¶3      After the appellant exhausted his administrative remedies with DOL, he filed a Board appeal and requested a hearing.  IAF, Tab 1 at 1-2, 4-5.  The administrative judge afforded the parties the opportunity to submit evidence and argument regarding whether the agency considered or failed to consider the appellant's application, and both parties responded.  IAF, Tabs 7-9.  The administrative judge issued an initial decision without holding the requested hearing because she found that there was no genuine issue of material fact.  IAF, Tab 11, Initial Decision (ID) at 1.  She determined that the Board had jurisdiction over the appellant's appeal, but she denied his request for corrective action under VEOA.  ID at 1, 3, 7.  Specifically, she found that the appellant exhausted his remedy with DOL.  ID at 3.  She further found that he failed to prove that the agency did not consider his application or failed to allow him to compete for the position.  ID at 6.  Finally, she found that the Board lacks jurisdiction over the national origin, age, and disability discrimination claims that the appellant raised in his VEOA appeal.  ID at 7.

¶4      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      To prevail on the merits of a right-to-compete VEOA claim under 5 U.S.C. § 3330a(a)(1)(B), an appellant must prove by preponderant evidence that:  (1) he exhausted his remedy with DOL; (2) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (3) the action at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (4) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C.

§ 3304(f)(1).  *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).  In his petition for review, the appellant disputes the administrative judge's finding that he failed to show that the agency violated his rights under VEOA and requests a hearing.[2]  PFR File, Tab 1 at 4.  However, for the following reasons, we find that the agency must prevail as a matter of law and that the administrative judge did not err in not holding a hearing.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007) (holding that the Board may decide a VEOA claim on the merits without a hearing when, like here, there is no genuine issue of material fact, and one party must prevail as a matter of law).

¶6       As noted, the vacancy announcement at issue in this appeal was only open to agency employees.  IAF, Tab 5 at 48.  Although it went unremarked on in the initial decision, the curriculum vita that the appellant submitted with his application for the position reflects that he was a Federal employee, a GS-12 Historian at the Ramstein Air Force Base, when he applied for the position at issue in 2014.  IAF, Tab 1 at 1, Tab 5 at 38; PFR File, Tab 1 at 6.

---

[2] The appellant also alleges in his petition for review that he did not receive several of the Board's orders, that he was busy because of work, moving out of Germany, and moving into new housing, and that he had health concerns.  PFR File, Tab 1 at 4. Because the appellant registered as an e-filer, he consented to accept electronic service of pleadings by other registered e-filers and documents issued by the Board.  5 C.F.R. § 1201.14(e)(1); IAF, Tab 1 at 2.  Further, he is deemed to have received the Board's electronically served orders on the date of electronic submission and had the responsibility to monitor his case activity to ensure that he received all case-related documents.  *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013); 5 C.F.R. § 1201.14(j)(3), (m)(2).  Therefore, the appellant's arguments regarding lack of service or notice of the Board's orders is not persuasive.  The appellant also claims that he attempted to conduct discovery, but the agency representative denied his discovery requests. PFR File, Tab 1 at 5.  Because the appellant did not file a motion to compel below consistent with the Board's regulations at 5 C.F.R. § 1201.73, he is precluded from raising this discovery issue for the first time on review.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).  Similarly, he may not now claim injury for being denied the opportunity to conduct depositions because he failed to avail himself of the Board's procedures to compel discovery by deposition and for the issuance of subpoenas.  PFR File, Tab 1 at 4; *see Kinsey v. U.S. Postal Service*, 12 M.S.P.R. 503, 505-06 (1982).

Additionally, the appellant asserted in his responses to the questionnaire for the position that he was a current permanent Federal employee.  IAF, Tab 5 at 36.

¶7        Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, has determined that the protections of 5 U.S.C. § 3304 do not apply when a veteran is already a Federal employee.  *Kerner*, 778 F.3d at 1338-39.  In discussing the statutory language, the court stated that "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to [F]ederal civil service employment, not to give veterans preference in merit promotions."  *Id.* at 1338. Continuing, the court also noted that "[t]he legislative history of the VEOA confirms that Congress did not intend for [section] 3304 to apply when a veteran or other preference-eligible applicant is already employed in [F]ederal civil service."  *Id.* at 1339.  Finally, the court concluded its analysis of the legislative history of VEOA by observing that "statements [in VEOA's legislative history] show that the VEOA was specifically targeted to veterans not already employed in the [F]ederal civil service."  *Id.*

¶8        We are bound to follow precedential decisions of the Federal Circuit unless they are overruled by the court sitting en banc.  *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015); *Coley v. Department of Transportation*, 112 M.S.P.R. 645, ¶ 6 (2009). Thus, given the appellant's undisputed status as a current Federal employee when he applied for the position at issue, he was not entitled to recovery on his claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f) as a matter of law.[3]  *Kerner*, 778 F.3d at 1338-39; *see Oram v. Department of the*

---

[3] Regarding the appellant's claim that the agency only issued the second certificate to cover its omission of him on the first certificate and his claim that, because the agency selected the same individual from the second certificate as it had selected from the first certificate, it denied him his right to compete, we find that consistent with the decision in *Kerner*.  The appellant's claims, even if true, do not establish a basis for relief before the Board.  In any event, the administrative judge considered the record evidence and found that the appellant's vague allegations of favoritism and suspicious circumstances

*Navy*, 2022 MSPB 30 ¶¶ 13-18 (adopting the rule set forth in *Kerner* that the protections of 5 U.S.C. § 3304 do not apply when a veteran is already a Federal employee and overruling all VEOA right-to-compete cases holding otherwise).

¶9    Accordingly, we deny the appellant's request for corrective action under VEOA.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

failed to show that the agency did not allow him to compete for the position.  ID at 4-6; IAF, Tab 9 at 4-6.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
_____
                                                     Jennifer Everling
                                                     Acting Clerk of the Board

Washington, D.C.