## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY E. MUZEREUS, III,<br>    Appellant, | DOCKET NUMBER<br>DC-3330-16-0605-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: February 1, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael W. Macomber</u>, Albany, New York, for the appellant.

<u>Leah S. Serrano</u>, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied his request for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA).  On petition for review, the appellant asserts that the agency should have considered his military service toward meeting the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

time-in-grade and specialized experience requirements for the position at issue and that the administrative judge improperly relied on *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), in denying corrective action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    As the administrative judge properly concluded, when an agency fills a vacancy via the merit promotion process, a preference-eligible veteran does not receive any advantage beyond the ability to apply and be considered for the position. *Miller v. Federal Deposit Insurance Corporation*, 818 F.3d 1357, 1359-60 (Fed. Cir. 2016); *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 15 (2006) (finding that 5 U.S.C. § 3304(f)(1) does not provide preference eligibles with any advantage beyond the opportunity to compete for particular positions); *see Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 11 (2016) (finding that the right to compete under 5 U.S.C. § 3304(f) includes the agency's consideration of the veteran's application). However, the opportunity-to-compete provision set forth in 5 U.S.C. § 3304(f) does not apply to veterans, like the appellant, already employed in the Federal

civil service who are seeking merit promotions. *Oram v. Department of the Navy*, 2022 MSPB 30, ¶¶ 15-17 (citing *Kerner*, 778 F.3d at 1338-39). Thus, the appellant was not entitled, pursuant to 5 U.S.C. §§ 3304(f) or 3311, or any other veterans' preference statute or regulation, to consideration of his non-Federal civil service experience, i.e., his military experience, for the purposes of determining whether he met the time-in-grade or other eligibility requirements of the position. *Kerner*, 778 F.3d at 1339.

¶3        On review, the appellant argues that his case is distinguishable from *Kerner* because the petitioner in *Kerner* lacked the requisite specialized experience, whereas the appellant had the required specialized experience, but the agency did not consider it. Petition for Review (PFR) File, Tab 1 at 11. However, the petitioner in *Kerner* explicitly argued, as did the appellant here, that the agency violated his rights under 5 U.S.C. § 3304(f) because it did not credit his non-Federal civil service experience towards the time-in-grade requirement in accordance with 5 U.S.C. § 3311. *Kerner*, 778 F.3d at 1337-38. We find no principled basis to distinguish *Kerner* on its facts. The appellant also asserts on review that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) engaged in "misplace[d] reliance on the legislative history of the VEOA," in reaching its conclusion in *Kerner* and that the Board should thus reject the principle of stare decisis and not follow the court's decision. PFR File, Tab 1 at 13-16. *Kerner* is controlling authority that the Board is bound to follow. *Oram*, 2022 MSPB 30, ¶ 17; *see Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015) (explaining that it is axiomatic that precedential decisions of the Federal Circuit are controlling authority for the Board and that the Board is bound to follow them unless they are overruled by the court sitting en banc). The appellant further argues on review that *Kerner* is inconsistent with another Federal Circuit case, *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316 (Fed. Cir. 2012), and that *Kerner*, therefore, is of little precedential value. PFR File, Tab 1 at 9-10.

The court's decision in *Lazaro* does not state whether the vacancy announcement in question was filled through an open competitive process or merit promotion procedures, and thus the strength of any comparisons among *Kerner*, *Lazaro*, and the instant case is not clear.[2] The appellant's arguments on review do not demonstrate that he is entitled to corrective action.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] In a recent nonprecedential decision, the Federal Circuit interpreted *Lazaro* as not involving a vacancy filled using the merit promotion process. *Barry v. Department of Defense*, No. 2017-2142, 2017 WL 5474219 (Fed. Cir. Nov. 15, 2017).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
_____

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.