NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARRY J. CONNER,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2014-3129

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-12-0138-I-2.

---

Decided: March 12, 2015

---

HARRY J. CONNER, Memphis, TN, pro se.

NICHOLAS JABBOUR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM; JESSICA JOHNSON, Office of General Counsel, Office of Personnel Management, Washington, DC.

---

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

## DECISION

Harry J. Conner petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the decision of the Office of Personnel Management ("OPM") determining the amount of the lump-sum credit to which he was entitled under 5 U.S.C. § 8342. *Conner v. Office of Pers. Mgmt.*, No. AT-0831-12-0138-I-2 (M.S.P.B. Apr. 10, 2014) ("*Final Decision*"). We *affirm*.

## DISCUSSION

## I.

Pursuant to 5 U.S.C. § 8342(a), a federal employee who separates from government service is entitled to be paid a "lump-sum credit." What constitutes a lump-sum credit is set forth in 5 U.S.C. § 8331(8).

Mr. Conner is the son of the late Mary Conner Nelson, who was employed by the United States Postal Service for a period of time beginning in September of 1965. As the result of a compensable injury, on August 18, 1972, Ms. Nelson stopped working and ceased receiving pay. On August 21, 1972, she began receiving compensation from the Office of Workers' Compensation Programs ("OWCP"). She was formally separated from employment in 1981 and retired in 1982.

Ms. Nelson died on February 3, 2010. Following her death, Mr. Conner applied for benefits as her surviving child. On July 14, 2010, OPM issued a lump-sum benefit decision awarding Mr. Conner $2,761.59. That sum was calculated to be the lump-sum benefit payable pursuant to 5 U.S.C. § 8342(c). In a reconsideration decision dated May 28, 2012, OPM affirmed its 2010 decision.

Mr. Conner appealed to the Board. On October 30, 2013, following Mr. Conner's withdrawal of his request for a hearing, the administrative judge ("AJ") to whom the case was assigned issued an initial decision in which he affirmed OPM's benefits decision. *Conner v. Office of Pers. Mgmt.*, No. AT-0831-12-0138-I-2 (M.S.P.B. Oct. 30, 2013) ("*Initial Decision*"). On April 10, 2014, the Board denied Mr. Conner's petition for review and affirmed the *Initial Decision*. *Final Decision* at 1, 9. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5. U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

## III.

Mr. Conner's main argument on appeal is that the *Final Decision* is not supported by substantial evidence. Specifically, he contends that the evidence does not support the Board's finding that Ms. Nelson was not in pay status after August 18, 1972, and that therefore OPM incorrectly calculated the lump-sum benefit to which he was entitled. The significance of the Board's finding of non-pay status after August 18, 1972, is that if, in fact, Ms. Nelson was in pay status after August 18, 1972, deductions would have been made from her pay after that date, and those deductions, plus interest, would have been refundable to Ms. Nelson, or Mr. Conner as her heir, as a lump-sum credit pursuant to 5 U.S.C. § 8331(8). In short, if Ms. Nelson was, in fact, in pay status after August 18,

1972, Mr. Conner is entitled to a larger lump-sum payment than the one he received.

We have no difficulty concluding that the evidence of record fully supports the Board's finding as to when Ms. Nelson was in pay status. Like OPM, the Board properly relied on the Postal Service's certification of Ms. Nelson's employment record, as set forth in her individual retirement record ("IRR"). *Final Decision* at 5.

We are not persuaded by Mr. Conner's argument that various documents in the record are inconsistent with the Board's finding that Ms. Nelson was not in pay status after August 18, 1972. Mr. Conner points to the Postal Service's issuance of a work performance certification in November of 1972, as well as the fact that Ms. Nelson received a promotion in July of 1973 and a reassignment in July of 1975. None of these points, however, detracts from what is set forth in the IRRs. The AJ noted that, although in inactive status, Ms. Nelson would have remained a Postal Service employee during the period from 1972 to 1981, when she was receiving OWCP payments. *Initial Decision* at 6–8. Significantly, pursuant to 5 C.F.R. § 353.106(b), "[a]n employee absent because of compensable injury may be carried on leave without pay or separated." Under these circumstances, it may have been necessary for the Postal Service to consider Ms. Nelson for promotion and reassignment. *See* 5 C.F.R. § 353.106(c) ("Agency promotion plans must provide a mechanism by which employees who are absent because of compensable injury . . . can be considered for promotion."); 5 C.F.R. § 351.702(c) ("An employee who is released from a competitive level during a leave of absence because of compensable injury may not be denied an assignment right solely because the employee is not physically qualified for the duties of the position if the physical disqualification resulted from the compensable injury.").

In his attempt to impeach Ms. Nelson's IRRs, Mr. Conner makes two additional arguments. First, he points to a declaration he submitted to the Board in which he recounted his personal memories of his mother's employment with the Postal Service after August of 1972. We see no error, however, in the AJ's decision to assign limited probative value to this testimony. *Initial Decision at 14–16.* An AJ's evaluation of a witness's credibility is a matter within his or her discretion. *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (citing *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998)). Second, Mr. Conner suggests at various points in his brief that certain government documents were forged or falsified. We reject this argument. Apart from the fact that Mr. Conner provides no credible evidentiary support for his allegation, there is a presumption that government records have not been falsified. *See, e.g.*, *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001) ("The 'presumption of regularity' supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties.").

Finally, we have considered, and found to be without merit, Mr. Conner's arguments that the AJ erred in various procedural rulings and should have recused himself and that the Board deprived him of due process.

## IV.

For the foregoing reasons, the final decision of the Board is affirmed.

## AFFIRMED

No Costs.