## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JANIS L. HANSON,[1]

        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
PH-0831-19-0446-I-1

DATE: February 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[2]

Daniel Clark, Esquire, and Jeremy Wright, Esquire, Washington, D.C., for
  Kathleen Van Riper.

Jo Bell, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris recused herself and
did not participate in the adjudication of this appeal.

---

[1] As explained herein, we grant the motion for substitution filed by the appellant's widow, Kathleen Van Riper.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

¶1  The appellant's widow, Kathleen Van Riper, has filed a motion for substitution with her timely filed petition for review of the December 18, 2020 initial decision, which dismissed for lack of a substitute this appeal of a final decision issued by the Office of Personnel Management (OPM) finding that the appellant had been overpaid in Civil Service Retirement System annuity benefits. For the reasons discussed below, we GRANT Ms. Van Riper's motion for substitution, VACATE the initial decision, and REMAND the case to the regional office for further processing.

¶2  Pursuant to 5 C.F.R. § 1201.35(a), if an appellant dies during the pendency of her appeal, the processing of the appeal will only be completed upon the substitution of a proper party. *See, e.g.*, *Estate of Kravitz v. Department of the Navy*, 110 M.S.P.R. 97, ¶ 2 n.1 (2008) (finding that substitution was proper when the appellant passed away while his appeal was pending and the appellant's counsel submitted a motion for his widow to be a substitute party). The regulatory deadline to file a motion to substitute is 90 days after the death of an appellant, except for good cause shown. 5 C.F.R. § 1201.35(b). Here, the appellant died on November 1, 2019, and Ms. Van Riper filed her motion for substitution on January 21, 2021, with her petition for review. Petition for Review (PFR) File, Tab 1 at 2-4, 16. Accordingly, Ms. Van Riper's motion was untimely filed by approximately 1 year.

¶3  The appellant filed a timely appeal of OPM's final decision on September 12, 2019. Initial Appeal File (IAF), Tab 1 at 1-7, 24-28. OPM informed the administrative judge of the appellant's November 1, 2019 death on November 25, 2019. IAF, Tab 5. On January 24, 2020, which was within the 90-day period for substitution of a proper party, the administrative judge assigned to the appeal suspended case processing for 30 days. IAF, Tab 6. That suspension of case processing was granted a second time from June 23 until July 23, 2020. IAF, Tab 7. On November 6, 2020, a different administrative

judge was assigned to the case. IAF, Tab 8. The new administrative judge issued a November 24, 2020 "Order Regarding Substitution for Appellant" that set December 8, 2020, as the deadline by which a motion for substitution must be filed. IAF, Tab 9. Ms. Van Riper submitted, with the petition for review and motion for substitution, a declaration under penalty of perjury indicating that she never received the new administrative judge's November 24, 2020 order. PFR File, Tab 1 at 4.

¶4      Under the above circumstances, including the death of the appellant, who was proceeding pro se at the time, the two case processing suspensions, the assignment of the case to a different administrative judge, who set a new deadline for filing a motion for substitution, thereby essentially waiving the 90-day deadline under 5 C.F.R. § 1201.35(b), *see* 5 C.F.R. § 1201.12 (permitting waiver of a Board regulation by an administrative judge), and the statement made under penalty of perjury by Ms. Van Riper, *see Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 13 (2014) (holding that a declaration under penalty of perjury, if uncontested, proves the facts it asserts), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015), along with the filing of the motion within 30 days of receipt of the initial decision, we find that good cause has been shown for the delay in filing the motion for substitution.

¶5      In any event, the Board has granted a proper party's untimely motion for substitution in unusual circumstances even absent a showing of good cause. *See Carpio v. Office of Personnel Management*, 94 M.S.P.R. 506, ¶ 5 n.* (2003). The Board has clarified that this practice is consistent with 5 C.F.R. § 1201.35(c), which allows the processing of an appeal to continue absent a timely substitution when the interests of the proper party, i.e., the estate of the appellant, would not be prejudiced. *Id.*; *see also Stone v. Department of the Army*, 37 M.S.P.R. 56, 57 n.1 (1988). Here, we find that such unique circumstances exist. Indeed, although the appellant passed away on November 1, 2019, an order regarding substitution was not issued until November 24, 2020, over 1 year later. IAF, Tab 5 at 3, Tab 9

at 1-2. Moreover, the agency has not objected to Ms. Van Riper's motion regarding substitution, and the Board has previously stated that, in annuity-related cases such as this one, the paramount concern is whether a party is entitled to the benefit she seeks. *See, e.g.*, *Moore-Meares v. Office of Personnel Management*, 105 M.S.P.R. 613, ¶ 8 (2007).

## ORDER

¶6      Accordingly, we grant Ms. Van Riper's motion for substitution and we remand this case to the regional office for further processing.

FOR THE BOARD:                               /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.