# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

AMY M. GREENLEE,
           Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
           Agency.

DOCKET NUMBER
DC-0831-17-0119-I-1

DATE: March 14, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Amy M. Greenlee</u>, Washington, D.C., pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying her application for a deferred annuity under the Civil Service Retirement Systems (CSRS) because her contribution refund already had been properly released to her employing agency to satisfy an outstanding debt.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2      The appellant separated from her former employing agency, the U.S. Postal Service, on June 22, 1989.  Initial Appeal File (IAF), Tab 5 at 10.  On August 14, 2000, the appellant applied for a refund of her retirement contributions, which totaled $847.37.  *Id.* at 13-15.  However, because the appellant had an outstanding debt for past-due health benefit premiums owed to her former employing agency totaling $1,001.31, OPM released the funds to the employing agency to satisfy the

debt, after receiving a recertification confirming that the debt remained outstanding. *Id.* at 10, 16-17.

¶3    The appellant filed for a deferred CSRS annuity with OPM by an application dated September 8, 2016. *Id.* at 7-9. In a final decision dated October 14, 2016, OPM denied the appellant's request, determining that her August 14, 2000 contribution refund request had been paid to her former employing agency to satisfy a debt, voiding her right to an annuity, and because she was not a current employee, she was not eligible to redeposit her refunded retirement contributions. *Id.* at 5; *see* 5 U.S.C. §§ 8342(a)(2), 8334(d)(1). Subsequently, on November 14, 2016, the appellant filed the instant Board appeal challenging OPM's final decision. IAF, Tab 1. Following the appellant's withdrawing her request for a hearing, IAF, Tab 15 at 1, the administrative judge issued an initial decision affirming the agency's action denying the appellant's request for a deferred annuity, IAF, Tab 16, Initial Decision (ID) at 2, 6.

¶4    The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 2. OPM has filed a response opposing the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    In her petition for review, the appellant argues that she was not provided with adequate notice of the debt's existence prior to OPM's releasing the funds to the agency to satisfy her debt. PFR File, Tab 2 at 4. Additionally, the appellant argues that when she filed for her contribution refund, there were additional notice requirements regarding collecting health benefit premium debt that the administrative judge failed to consider, and the appellant attaches an OPM letter dated October 16, 1996, purporting to detail these additional requirements. *Id.* at 3, 7-19. Finally, the appellant argues that the "CFR as written in 1989-2000" should have been applied. *Id.* at 3.

¶6      Under OPM's regulations, creditor-agencies seeking to collect a debt by offsetting a retirement contribution refund ordinarily must comply with certain debt collection processing rules, including providing written notice to the debtor concerning the existence and amount of the debt, as well as providing the debtor with the opportunity to review agency records related to the debt and to enter into a written agreement with the agency to repay the debt. 5 C.F.R. § 831.1805(b). However, under 5 CFR § 831.1805(b)(4)(i), creditor-agencies that seek to collect a debt for unpaid premiums for health insurance benefits are exempted from the normal debt collection processing rules and requirements if they can demonstrate that they have followed specific procedures approved by OPM.

¶7      As the administrative judge noted, OPM submitted the request it received from the appellant's creditor-agency dated November 2, 1989, entitled "Request for Offset for Past-Due Health Benefit Premiums From Monies Payable Under the Civil Service Retirement System" (OPM Form 1522), which was signed by a creditor-agency official certifying the existence of the outstanding debt at the time of the appellant's separation. IAF, Tab 5 at 26. OPM also submitted the creditor-agency's debt recertification request, which OPM approved on September 18, 2000, and which identifies that the full retirement contribution amount of $847.37 would be released to the creditor-agency to satisfy the appellant's outstanding debt. *Id.* at 16. The recertification also certifies that the creditor-agency sent a notice to the appellant stating its intention to seek offset for the debt on August 13, 1989, and that by October 31, 1989, the agency had received no response in opposition to that notice. *Id.* Based on this documentary evidence, the administrative judge concluded that the record demonstrated that OPM properly forwarded the appellant's retirement contributions to the

creditor-agency to satisfy her outstanding debt, and she has not submitted any evidence that would warrant disturbing this conclusion on review.[3]

¶8          The appellant also argues that the administrative judge erred by failing to apply the correct version of the regulations applicable to her case.  PFR File, Tab 2 at 3.  Specifically, the appellant attaches a copy of an OPM Benefits Administration Letter dated October 16, 1996, that provides instructions for implementing interim regulations concerning collecting past-due Federal Employees Health Benefits (FEHB) premiums.  PFR File, Tab 2 at 7; *see* 5 C.F.R. § 890.502(b).  Citing the guidance provided in the letter, the appellant argues that the administrative judge should have applied the 1996 version of OPM's regulation—5 C.F.R. § 890.502(b)—stating that there were "significant changes to the policy and practices of OPM relating to the collection of health benefit premiums debts," as well as "different notice requirements" when the appellant requested her benefits contribution refund.  PFR File, Tab 2 at 3, 7-23.  The appellant also argues, generally, that the administrative judge should have applied "[t]he CFR as written in 1989-2000," including the relevant notice provisions.  *Id.* at 3.

---

[3] In reaching this conclusion, the administrative judge cited *Bacani v. Office of Personnel Management*, 64 M.S.P.R. 588, 592-94 (1994) for the proposition that the Board does not have the authority to review OPM's reliance on an employing agency's certified Individual Retirement Record (IRR).  ID at 3-4**.**  However, *Bacani* was subsequently overruled by the Board in *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015), which held that the Board does have the authority to review the accuracy and completeness of IRRs in the context of appeals of OPM final decisions that rely on them.  Nonetheless, this error was harmless and does not alter our conclusion.  The administrative judge thoroughly reviewed the documentary record, including the submitted IRR, and determined that there was nothing in the record to suggest that the employing agency's collecting the funds to satisfy the debt was improper.  ID at 4-5; *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversing an initial decision).

¶9    As an initial matter, the OPM Benefits Administration Letter provided by the appellant is an informational letter issued by OPM and not an enacted provision of the Code of Federal Regulations and is not ultimately relevant to OPM's denying her contribution refund request in this case. *Id.* at 7-19. Second, the version of 5 C.F.R. § 890.502(b) (1997) provided by the appellant was not enacted until 1997, several years after she incurred her FEHB premiums debt in 1989. PFR File, Tab 2 at 25-29; IAF, Tab 5 at 16.

¶10   Nonetheless, we have reviewed the version of 5 C.F.R. § 890.502 that was effective when the appellant incurred the debt in 1989, and nothing in that provision would warrant reaching a different result. 5 C.F.R. § 890.502(b) (1989). Specifically, 5 C.F.R. § 890.502(b) (1989) primarily addresses when and how employee FEHB premiums are withheld from employee pay. Both the 1989 and 2017 versions of the relevant regulation provide that, if an individual incurs a debt resulting from unpaid FEHB premiums that cannot be repaid from salary, the creditor-agency may recover the debt from whatever other sources are normally available for the recovery of a debt owed to the United States. *Compare* 5 C.F.R. § 890.502(b)(3) (1989), *with* 5 C.F.R. § 890.502(b)(2) (2017). Significantly, the 1989 version of the regulations does not describe any additional substantive restrictions on OPM's authority to release retirement contributions to a creditor-agency to satisfy debts than those that exist in the 2017 regulations.[4] The 2017 version of the regulation sets forth procedures and notice requirements that a creditor-agency must follow before collecting such a debt that are not present in the 1989 regulations, but the administrative judge applied the more exacting 2017 regulations, and we see no reason to disturb her findings based on this stricter application of these procedures. As the administrative judge correctly concluded,

[4] The version of 5 C.F.R. § 890.502(b) in effect when the appellant's former employing agency recertified the debt similarly does not differ from the 2017 version in any relevant respect. 5 C.F.R. § 890.502(b)(1)-(3) (2000); IAF, Tab 5 at 10, 16-17.

the appellant's former employing agency properly certified and recertified that it had exhausted ordinary means of debt recovery before seeking offset, meeting its obligations under the regulation.  IAF, Tab 5 at 16-17; ID at 3-4.

¶11    For the foregoing reasons, we deny the petition for review and affirm the initial decision, affirming OPM's denial of the appellant's application for a deferred CSRS annuity.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

  If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

  Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

  http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:       /s/ for
            Jennifer Everling
            Acting Clerk of the Board

Washington, D.C.