## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD J. SIMPKINS,
          Appellant,

     v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-0842-20-0541-I-2

DATE: April 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward J. Simpkins, Greenbelt, Maryland, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that his refunded service is not creditable in his annuity computation under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed a Board appeal of OPM's reconsideration decision affirming its initial decision calculating the appellant's FERS retirement annuity. *Simpkins v. Office of Personnel Management*, MSPB Docket No. DC-0842-20-0541-I-1, Initial Appeal File (IAF), Tab 1. Specifically, OPM found that the appellant's service from September 26, 1987, through February 9, 1996, was not creditable for retirement purposes because the appellant received a refund of his retirement contributions for that period. IAF, Tab 10 at 6-9, 18-20. OPM further found that, because the appellant was not covered under FERS on or after October 28, 2009, he was not eligible to redeposit any refunded amounts. *Id.* at 7-8, 18-19. OPM additionally did not include the appellant's claimed service with the D.C. Department of Parks and Recreation in 1979 and 1980 in its retirement calculation because the appellant failed to submit information verifying that service. *Id.* at 8.

In a prehearing conference, the parties agreed upon the following three issues to be adjudicated: (1) whether OPM correctly determined that the appellant's service from 1987 to 1996 was not creditable due to his refund of retirement contributions, and that he was not eligible to redeposit any refunded amounts; (2) whether the appellant should be able to redeposit the refunded amounts because he submitted the application for refund contributions under duress; and (3) whether OPM correctly found that the appellant's additional service with the D.C. Department of Parks and Recreation in 1979 and 1980 was properly not included in his annuity computation. *Simpkins v. Office of Personnel Management*, MSPB Docket No. DC-0842-20-0541-I-2, Appeal File (I-2 AF), Tab 1, Tab 8 at 2. The agency's representative failed to appear for the scheduled hearing and, after unsuccessful attempts to reach her, the administrative judge held the telephonic hearing without her. I-2 AF, Tab 11, Initial Decision (ID) at 2. Following the hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. ID at 1-3.

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant argues that he should have been eligible to redeposit his refunded contributions. PFR File, Tab 1 at 1-5. He reiterates his duress argument, asserting that the administrative judge failed to consider his financial duress and the influence of him taking pain medication at the time of filing an application for a refund. *Id.* He further alleges that his service with the D.C. Department of Parks and Recreation should have been included in his annuity calculation, and asserts that he submitted sufficient information supporting his service therewith. *Id.* He contends that the administrative judge was biased against him, challenges various statements made by the administrative judge, and argues that both his employing agency and OPM breached the settlement agreement that led to his resignation in 2009.[2] *Id.*

---

[2] After the close of the record on review, the appellant filed a motion for leave to submit an additional pleading. PFR File, Tab 6. In this motion, the appellant asserts that he recently received emails from his union representative that prove he is allowed

## DISCUSSION OF ARGUMENTS ON REVIEW

An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 5 (2013); 5 C.F.R. § 1201.56(b)(2)(ii). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

The administrative judge correctly found that the appellant's refunded service from 1987 to 1996 was not creditable towards his retirement annuity and that he was not eligible to redeposit the refunded amounts.

The administrative judge found, and the parties do not dispute, that the appellant took a refund for his service from September 26, 1987, to February 9, 1996. ID at 8. We decline to disturb this finding. The appellant argues, however, that, based on his subsequent resignation date, he was eligible to redeposit his refunded FERS deductions. PFR File, Tab 1 at 2. The administrative judge found that he resigned before the relevant cutoff date and therefore was not eligible to redeposit his refunded deductions. ID at 8-14. We agree.

An employee separated for at least 31 consecutive days is entitled to be paid a lump-sum credit of retirement deductions taken during the service period. 5 U.S.C. § 8424(a); *Moore v. Department of Veterans Affairs*, 109 M.S.P.R. 386, ¶ 9 (2008). Receipt of a lump-sum credit "voids all annuity rights . . . based on

---

"to repay" for some of his prior Federal service. *Id.* at 2. The appellant avers that he was "not able to locate" these emails "until now." *Id.* We find that the appellant's vague assertions do not provide a basis for accepting additional evidence into the record; accordingly, we deny the appellant's motion. *See* 5 C.F.R. § 1201.114(k) (stating that once the record on review closes, no additional evidence or argument will be accepted unless it is new and material as defined in § 1201.115(d) and the party submitting it shows that the evidence or argument was not readily available before the record closed); *see also* 5 C.F.R. § 1201.115(d) (explaining that, to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).

the service on which the lump-sum credit is based . . . ." 5 U.S.C. § 8424(a). Furthermore, the regulations provide that "[p]eriods of service for which employee contributions have been refunded are not creditable service . . . ." 5 C.F.R. § 843.202(b). The appellant filed an application for a refund of retirement deductions for, as relevant here, his service with the U.S. Postal Service from 1987 to 1996. IAF, Tab 10 at 60. The application specifically informed the appellant that "payment of a refund will result in permanent forfeiture of any retirement rights that are based on the period(s) of [FERS] service which the refund covers . . . ." *Id.*

On October 28, 2009, Congress passed the National Defense Authorization Act for Fiscal Year 2010 (NDAA), which amended 5 U.S.C. § 8422(a) to provide that employees who received a refund of retirement contributions under FERS could redeposit those refunds and receive credit for the service covered by the refund. Pub. L. No. 111-84, § 1904, 123 Stat. 2190 (2009). Prior to this, only individuals who received a refund of retirement contributions under the Civil Service Retirement System (CSRS), rather than FERS, were eligible to deposit the refunded amounts to receive credit for the refunded service. *See Taylor v. Office of Personnel Management*, 230 F.3d 1383, *2 (Fed. Cir. 2000) (Table) (noting that only employees covered by CSRS, and not FERS, could redeposit refunded amounts);[3] *see also Moore*, 109 M.S.P.R. 386, ¶ 9 (noting that, pursuant to OPM guidance, "an employee **cannot** repay the money in the future to reestablish credit for the refunded FERS service") (emphasis in original).

The regulations covering refunded service under FERS specifically separate an employee's ability to deposit refunded amounts based on whether their separation from service occurred before or after October 28, 2009, the date the NDAA was enacted. 5 C.F.R. § 843.202(b). Indeed, the regulations state that, "[f]or a retirement based on a separation before October 28, 2009, periods of

---

[3] The Board may rely on unpublished Federal Circuit decisions when, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

service for which employee contributions have been refunded are not creditable" for any purpose. 5 C.F.R. § 843.202(b)(1). On the contrary, "[f]or a retirement based on a separation on or after October 28, 2009, periods of service for which employee contributions have been refunded" are not creditable for annuity computation purposes unless those refunds have been redeposited. 5 C.F.R. § 843.202(b)(2)(ii). As such, the appellant's eligibility to redeposit his refunded amounts and thus receive credit for service covered by the refund turns on whether his separation from the Federal service occurred before, or on or after, October 28, 2009.

The administrative judge found that, regardless of the date of any settlement agreement, the appellant resigned effective April 16, 2009. ID at 11-13. On review, the appellant appears to assert that he was not separated from the agency until on or after October 28, 2009, because the settlement agreement reflecting his resignation was not fully executed until that date. PFR File, Tab 1 at 2. We are unpersuaded.

The settlement agreement clearly denotes April 16, 2009 as the effective date of the appellant's resignation, and he has provided no support for the proposition that the date the agreement was fully executed affects the agreed-upon effective date. *See McDavid v. Department of the Army*, 58 M.S.P.R. 673, 677 (1993) (finding that the meaning of terms in a settlement agreement is the meaning the parties intended to convey); *see also Howarth v. U.S. Postal Service*, 77 M.S.P.R. 1, 3 n.1 (1997) (noting that the effective date of a suspension was the stated retroactive date as set forth in the settlement agreement and not the date the settlement agreement was actually signed). Moreover, as stated by the administrative judge, the letter of resignation, the settlement agreement, and the appellant's Standard Form (SF) 50 associated with his resignation all list April 16, 2009 as the date of the appellant's resignation. ID at 12-13; IAF, Tab 10 at 67; I-2 AF, Tab 7 at 12-16. Accordingly, we agree with the administrative judge and OPM that the appellant separated from service

prior to October 28, 2009, and, thus, he was not eligible to redeposit any refunded retirement contribution amounts.

The appellant additionally alleges that both his employing agency and OPM materially breached the settlement agreement by referencing his separation from the employing agency as a removal instead of a resignation. PFR File, Tab 1 at 3-4. Thus, he argues, because the settlement agreement was breached, the terms no longer apply and he was still employed beyond the October 28, 2009 cutoff date, rendering him eligible to redeposit the refunded contributions. *Id.* The administrative judge considered this argument but found it unavailing. ID at 13. We agree.

Specifically, the administrative judge found that she did not have the authority to consider whether the settlement agreement was breached in the instant appeal of OPM's reconsideration decision regarding the appellant's retirement annuity calculation. *Id.* Rather, she found that the appellant would need a ruling finding that the settlement was breached, that the breach somehow officially changed his resignation date to a date on or after October 28, 2009, and that he then would have to request OPM to allow him to make a redeposit of his refunded retirement contributions. *Id.* The appellant on review merely points to more evidence purportedly showing that a breach occurred but does not explain how the administrative judge erred in finding that the breach issue was not properly before the Board in the instant appeal. The appellant's arguments constitute mere disagreement with the administrative judge's findings, and we discern no reason to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The administrative judge correctly rejected the appellant's argument that he is
eligible to redeposit the refund of his retirement contributions because he signed
the refund application under duress.</u>

The appellant argues that the administrative judge failed to give proper
weight to his statements that he requested a refund of retirement contributions
because of "financial duress" and being under the influence of pain medication.
PFR File, Tab 1 at 2.  He further challenges the applicability of the administrative
judge's cited case law and asserts that this was not a matter of equitable relief.
*Id.* at 3.  The administrative judge considered his duress arguments but found
them unpersuasive.  ID at 14-15.  We agree.

To the extent the appellant is arguing that he should be allowed to redeposit
the refunded amount or that the amount should be waived based on his alleged
duress, we find that no statutory or regulatory provision allows for a waiver or
redeposit under such circumstances.  *See e.g.*, *Harper v. Office of Personnel
Management*, 116 M.S.P.R. 309, ¶ 7 (2011).  Indeed, as noted by the
administrative judge, such a resolution is not permitted under the law.  ID at 15.
Thus, even if the appellant sufficiently proved that he filed the application for a
refund of contributions under duress, OPM cannot be forced to grant him service
credit for the period of time covered by the refund or allow a redeposit of the
refund not otherwise permitted by law.  *See Office of Personnel Management v.
Richmond*, 496 U.S. 414, 434 (1990) (finding that the Government cannot be
estopped from denying a benefit when Congress has not authorized expenditure
for that benefit); *Conway v. Office of Personnel Management*, 59 M.S.P.R. 405,
410-12 (1993) (finding that, even if the appellant succeeded in demonstrating that
he filed an application for a refund of his retirement contributions under improper
circumstances, OPM nevertheless was not estopped from denying him service
credit for the period of time covered by his refund).  Thus, the appellant's
challenge to the administrative judge's reliance on *Richmond* is unpersuasive.

The administrative judge correctly found that the appellant failed to meet his burden of proving that his claimed service with the D.C. Department of Parks and Recreation is creditable towards his annuity computation.

The appellant argues that the administrative judge erred in finding that he failed to demonstrate that his claimed service with the D.C. Department of Parks and Recreation was creditable towards his retirement annuity. PFR File, Tab 1 at 2, 5. The administrative judge found that OPM properly relied on the SF-2806, "Certified Summary of Federal Service," in determining that the appellant failed to demonstrate that the alleged service was creditable towards his retirement annuity. ID at 15-17. We agree.

The Board has the authority to review the accuracy and completeness of an Individual Retirement Record (IRR) in the context of appeals from OPM final decisions that rely on them. *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015). Nonetheless, the appellant bears the burden of proving entitlement to those benefits by preponderant evidence. *Resnick*, 120 M.S.P.R. 356, ¶ 5. Although the appellant listed his service with the D.C. Department of Parks and Recreation in the summers of 1979 and 1980 on his application for deferred retirement, his IRR does not confirm any such service. IAF, Tab 10 at 33, 39-40. Moreover, despite the appellant raising the issue with OPM, it informed him that this service was not verified by his IRR and instructed him that he could submit additional information to verify the service. *Id.* at 8, 15. As the administrative judge found, the appellant's Social Security earnings record purportedly submitted in support of the service does not specifically verify any service with the D.C. Department of Parks and Recreation. ID at 17. Although the earnings record shows that he worked and was taxed in 1979 and 1980, the record does not identify with whom the appellant was employed, whether it was creditable for CSRS annuity benefits, or whether any retirement contributions were deducted from the appellant's pay for that service. I-2 AF, Tab 7 at 22-23. Accordingly, the administrative judge

correctly held that the appellant failed to meet his burden of proving that this service was creditable for retirement purposes or that OPM erred in excluding it from his annuity computation. The appellant questions why OPM did not contact the Social Security Administration to determine whether this work was creditable under CSRS and asserts that it is not his job to recertify his SF-2806 to include the service in question. PFR File, Tab 1 at 2. However, he has not identified any active duty on the part of OPM to seek additional information beyond his IRR. The appellant has provided no further evidence that his service with the D.C. Department of Parks and Recreation was creditable towards his retirement annuity, and we therefore see no reason to disturb the administrative judge's findings.

The appellant's remaining arguments on review are unpersuasive.

The appellant challenges the administrative judge's statement that, because the appellant did not request a hearing, the decision was made on the written record. PFR File, Tab 1 at 3. The appellant correctly points out that, in contradiction to the administrative judge's prior statement discussing the hearing in this appeal, she stated that no hearing was requested and that the initial decision was based on the written record. ID at 3. While the administrative judge erred in stating that no hearing was requested and that the decision was based on the written record, this statement appears to have been mistakenly added. The appellant requested and and participated in a hearing, and the administrative judge repeatedly referenced and considered the appellant's testimony in reaching her determinations in the initial decision. ID at 11, 14-15, 18. As such, the administrative judge's error in this regard was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant additionally alleges that the administrative judge showed bias in favor of the agency. PFR File, Tab 1 at 4. Seemingly in support of this

assertion, the appellant questions the administrative judge's conduct in attempting to contact the agency's representative when she failed to appear for the telephonic hearing. *Id*. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). We find nothing inappropriate with the administrative judge's efforts to contact the agency's representative when the representative failed to appear for the hearing. Moreover, when these efforts were unsuccessful, the administrative judge nonetheless held the hearing without the agency's representative, affording the appellant the opportunity to present his case without the agency's rebuttal. ID at 3. The appellant has not explained how the administrative judge's actions favored the agency in this appeal. Accordingly, we find that the appellant has failed to overcome the presumption of honesty and integrity accompanying the administrative judge.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.