**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BENJAMIN HUEBSCHMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-3330-19-0552-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: March 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin Huebschman</u>, Beltsville, Maryland, pro se.

<u>Steven Whittington</u>, Esquire, Warren, Michigan, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and GRANT the appellant's request for corrective action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was honorably discharged from the U.S. Army after approximately 7 years of active duty service. Initial Appeal File (IAF), Tab 4 at 6-8. On March 13, 2019, the agency posted a vacancy announcement for the position of NH-4 Project Manager. IAF, Tab 6 at 9-16. The vacancy announcement indicated that it was open to "Current Department of Army Civilian Employees," "Current Permanent Department of Defense (DOD) Civilian Employee (non-Army)," "Interagency Career Transition Assistance Plan," and "Priority Placement Program (PPP), Program S (Military Spouse) registrant." *Id.* at 11. The appellant applied for the position, but on or about April 19, 2019, his application was automatically rejected because he did not select an "area of consideration," i.e., one of the four categories listed above. IAF, Tab 1 at 5, Tab 4 at 5, Tab 6 at 5. It appears that the appellant did not select an area of consideration because he did not fall within any of these four categories. IAF, Tab 5 at 5.

On April 30, 2019, the appellant filed a complaint with the Department of Labor (DOL), arguing that, as an honorably discharged veteran, he was qualified to apply for the position, and the agency should have considered his application. IAF, Tab 1 at 7. On May 15, 2019, DOL closed its file and informed the appellant of his right to file a Board appeal. *Id.* at 9.

The appellant timely filed a Board appeal and requested a hearing. IAF, Tab 1. The administrative judge issued a jurisdictional order, informing the appellant of the standards for establishing jurisdiction over a VEOA appeal and ordering the parties to file evidence and argument on the issue. IAF, Tab 3. The appellant responded, arguing that the agency violated his right to compete for the Project Manager position under 5 U.S.C. § 3304(f)(1). IAF, Tab 4. The agency also responded, arguing that it had "erroneously included the Interagency Career Transition Assistance Plan (ICTAP) to the applicable Areas of Consideration" and did not actually consider any ICTAP candidates. IAF, Tab 6 at 5-7.

Therefore, the agency argued, it did not actually consider any candidates from outside its own workforce, and so the right to compete provisions of 5 U.S.C. § 3304(f)(1) did not apply. *Id*. at 6-7.

After considering the parties' submissions, the administrative judge issued an initial decision denying corrective action on the merits without a hearing. IAF, Tab 7. She found that, although the appellant established jurisdiction over his appeal, there was no dispute of material fact and the agency was entitled to judgment as a matter of law. IAF, Tab 7, Initial Decision (ID) at 1-6. Specifically, the administrative judge found that the inclusion of ICTAP candidates in the vacancy announcement was a clerical error, the agency did not actually accept applications from candidates outside its own workforce, and therefore, the appellant did not have a right to compete for the position in question under 5 U.S.C. § 3304(f)(1). ID at 1-6.

The appellant has filed a petition for review, arguing that the administrative judge erred in denying his hearing request and in accepting the agency's unsupported allegations as true. Petition for Review (PFR) File, Tab 1 at 3-4, 6-7, 9-10. He disputes the veracity of the agency's claim that its inclusion of ICTAP candidates was a clerical error and argues that other areas of consideration were outside the agency's own workforce because they included military spouses and non-Army DOD employees. *Id*. at 4, 6-8. The appellant also urges the Board to reconsider its ruling in *Vassallo v. Department of Defense*, 122 M.S.P.R. 156, *aff'd*, 797 F.3d 1327 (Fed. Cir. 2015). PFR File, Tab 1 at 10-15. The agency has filed a response in opposition. PFR File, Tab 3.

**ANALYSIS**

To establish Board jurisdiction over a "right to compete" VEOA claim under 5 U.S.C. § 3330a(a)(1)(B), an appellant must (1) show that he exhausted his remedy with DOL and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took

place on or after December 10, 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). The administrative judge in this case found that the appellant satisfied all of these jurisdictional requirements, and for the reasons explained in the initial decision, we agree. ID at 3-4.

To prevail on the merits of a right to compete claim, the appellant must prove jurisdictional elements (2)(i), (ii), and (iii) by a preponderance of the evidence. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010). In this case, there does not seem to be any dispute about the appellant's veteran status or the date of the action at issue. IAF, Tab 4 at 3, Tab 6 at 5-6. Therefore, this appeal turns on whether the appellant can prove that the agency denied him the opportunity to compete in a selection process in which the agency was accepting applications from individuals outside its own workforce. The administrative judge found that there was no dispute of material fact on this issue in light of the agency's assertion that the inclusion of ICTAP candidates was a clerical error, and for that reason, she denied the appellant's request for corrective action without a hearing. ID at 1, 4-6. For the following reasons, we disagree.

The Board may decide the merits of a VEOA appeal without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009); *see* 5 C.F.R. § 1208.23(b) (stating that an administrative judge may provide a hearing if the Board's jurisdiction has been established over a timely VEOA appeal). We agree with the administrative judge that these circumstances are present in this case, but we find that it is the appellant who must prevail. As explained above, the vacancy announcement was open to military spouses

registered under the agency's Priority Placement Program, Program S.[2] IAF, Tab 6 at 11. Registration in Program S is open to "spouses of active duty military members of the U.S. Armed forces." Department of Defense Priority Placement Program (PPP) Handbook, § 14(C)(1) (July 2011). Some restrictions apply, but there is no requirement that a Program S registrant must be a current Federal employee, much less an employee of the agency. *Id.*, § 14(C). We find that, in soliciting applications from Program S registrants, the agency was accepting applications from individuals outside its own workforce. Therefore, the appellant had a right to compete for the position in question under 5 U.S.C. § 3304(f)(1), and we find that the agency violated that right when it rejected his application.

Having thus found that the agency violated the appellant's right to compete, we decline his invitation to overrule *Vassallo* for the following reasons. First, the Board's ruling in *Vassallo* is not controlling as to the outcome of the appeal, and the appellant could obtain no further relief in this case if the Board were to revisit *Vassallo* at this time. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 30 n.12 (2015) (declining to reach issues that would not change the outcome of the appeal). Second, even if the Board were inclined to overrule *Vassallo*, the United States Court of Appeals for the Federal Circuit has affirmed the Board's Opinion and Order in that case in a precedential decision, both as to its reasoning and its result. PFR File, Tab 3 at 6; *see Vassallo*, 797 F.3d 1327. Precedential decisions of the Federal Circuit are controlling authority for the Board, and the Board is bound to follow them unless they are overruled by the court sitting en banc. *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd per curiam*, 620 F. App'x 892 (Fed. Cir. 2015).

Because this appeal has been resolved on the grounds identified above, we also decline to reach the following issues: (1) Whether the agency's inclusion of

---

[2] Unlike ICTAP, the agency has not alleged that the inclusion of registrants under Program S was the result of any sort of clerical error.

ICTAP was, in fact, an error, a matter which the appellant disputes on review, PFR File, Tab 1 at 6-8, 14; (2) whether the agency's alleged clerical error would have been material in any event, *see Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶¶ 9-10 (2010) (explaining that when an agency solicited external and internal candidates, it violated the appellant's right to compete by considering only internal candidates), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30; *Boctor v. U.S. Postal Service*, 110 M.S.P.R. 580, ¶ 9 (2009) (same); and (3) whether the agency's solicitation of applications from current employees throughout DOD constituted acceptance of applications of individuals from outside its own workforce, *see Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶¶ 6-11 (2013) (concluding that the Department of the Air Force and not DOD was the "agency" for purposes of 5 U.S.C. § 3304(f)(1)).

## ORDER

We ORDER the agency to reconstruct the hiring process for the Project Manager position at issue, and to consider the appellant's application in that process. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 30 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the code of Federal Regulation, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.