## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LINDA BROWN,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-831M-22-0164-I-1 |
|　　　　v. | |
| OFFICE OF PERSONNEL<br>　　MANAGEMENT,<br>　　　　　Agency. | DATE: April 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda C. Brown, Elizabethtown, Kentucky, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) on her Civil Service Retirement System (CSRS) annuity computation. On petition for review, the appellant reraises her challenges to OPM's annuity computation and highlights several alleged inconsistencies in the initial decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

She also reraises her other complaints about OPM's poor handling of her case. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to (1) correct an apparent misstatement regarding the amount of her deposit reduction, and (2) clarify that the Board has jurisdiction over the appellant's challenge to her unused sick leave amount, we AFFIRM the initial decision.

First, the appellant identifies, among other things, the following erroneous statement in the initial decision: "[t]hus, the appellant's retirement annuity is reduced by $70 per year having calculated her annuity to include credit for her non-deduct service." Petition for Review (PFR) File, Tab 1 at 3; Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 15. We agree with the appellant that this statement was incorrect, and we expressly vacate it. Nevertheless, it appears to be a mere typographical error summarizing an otherwise correct and thorough discussion. The administrative judge's discussion clearly sets forth that the appellant's retirement annuity was properly reduced by $23.20 per year, or 10% of the difference between her non-deduct service ($302) and her excess contributions (rounded in the appellant's favor to $70). ID at 10-15; *see* 5 C.F.R.

§ 831.303(a). Therefore, we see no reason to disturb the administrative judge's finding that OPM's calculations are correct.

Second, we clarify that the Board has jurisdiction over the appellant's claim of "lost" sick leave. PFR File, Tab 5 at 3; IAF, Tab 6 at 4. The U.S. Court of Appeals for the Federal Circuit has held that an employing agency's certification of an employee's unused sick leave is reviewable by the Board when it affects the employee's entitlement under CSRS. *See Billinger v. Office of Personnel Management*, 206 F.3d 1404, 1407 (Fed. Cir. 2000); *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015). Here, the appellant argues that the 2,479 hours—or 1 year, 2 months, and 8 days—of unused sick leave certified by her employing agency on her Individual Retirement Record did not include sick leave accrued during the 2 months and 25 days of her temporary appointment or during the last pay period of her career. IAF, Tab 5 at 239. However, she has presented no basis for finding that OPM's consideration of her sick leave was incorrect. IAF, Tab 6 at 4, Tab 12 at 11. Moreover, as only years and full months of service are used in the annuity computation, any additional sick leave that would have accrued during the less than 3-month period disputed by the appellant would not have been more than 22 days and thus would not result in greater entitlement under CSRS. IAF, Tab 5 at 43, Tab 12 at 11; *see* Credit for Unused Sick Leave Under the Civil Service Retirement System, https://www.opm.gov/retirement-center/publications-forms/pamphlets/ri83-8.pdf (last visited Apr. 25, 2024).

Lastly, we note that the appellant presents another example of "OPM's failure to timely resolve an issue" that she appears to raise for the first time on review. PFR File, Tab 1 at 6. She avers that OPM took over 2 years to resolve a state income tax inquiry in 2013 from her state's Department of Revenue. *Id.* The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence

not previously available despite the party's due diligence, and the appellant has not made such a showing here. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 34 n. 10; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). We further note that the Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Here, the Board's jurisdiction is limited to OPM's reconsideration decision on her CSRS annuity. *See* 5 C.F.R. § 1201.3(a)(2).

Accordingly, except as expressly modified, we affirm the initial decision, which affirmed OPM's reconsideration decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.